RTP:LAB
F. #2017R01180

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

AGNETA WELBER,
   also known as
   "Agneta Aizikovitch,"

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 1:22-cr-00204(ARR)(RLM)
(T. 7, U.S.C., §§ 2024(b) and 2024(f);
T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(6)(A)(ii), 982(a)(7), 982(b)(1),
1347(a), 1542 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c); T. 42, U.S.C., § 408(a)(4))

THE GRAND JURY CHARGES:

COUNT ONE
(Social Security Fraud)

1.     In or about and between October 2007 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AGNETA WELBER, also known as "Agneta Aizikovitch," having knowledge of the occurrence of one or more events affecting her initial and continued right to one or more payments under Subchapter II of Title 42, United States Code, Chapter 7, to wit: income she received under a false identity, did knowingly and intentionally conceal and fail to disclose such events with an intent fraudulently to secure social security payments in a greater amount than were due and when no payments were authorized.

(Title 42, United States Code, Section 408(a)(4); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Health Care Fraud)

2. In or about and between October 2008 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AGNETA WELBER, also known as "Agneta Aizikovitch," did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, to wit: Medicaid, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicaid, in connection with the delivery of payment for health care benefits, items and services.

(Title 18, United States Code, Sections 1347(a) and 3551 et seq.)

## COUNT THREE
(Supplemental Nutrition Assistance Program Fraud)

3. In or about and between February 2010 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AGNETA WELBER, also known as "Agneta Aizikovitch," did knowingly and willfully use, acquire and possess Supplemental Nutrition Assistance Program benefits of a value of more than $5,000, in a manner contrary to Title 7, United States Code, Chapter 51 and the regulations issued pursuant thereto.

(Title 7, United States Code, Section 2024(b); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(False Statement in Application for a Passport)

4. On or about August 24, 2016, within the Eastern District of New York and elsewhere, the defendant AGNETA WELBER, also known as "Agneta Aizikovitch," did

willfully and knowingly make one or more false statements in an application for a passport, to wit: the use of a false name, with intent to induce and secure the issuance of a passport under the authority of the United States, for her own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws.

(Title 18, United States Code, Sections 1542 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

5. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(l), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(l); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

7. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any property, real or personal, used in a transaction or attempted transaction to commit, or to facilitate the commission of, such offense, or proceeds traceable to such offense.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 7, United States Code, Section 2024(f); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

9. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6)(A)(ii), which requires the forfeiture of any property, real or personal: (a) that constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly from the commission of such offense; and (b) that is used to facilitate, or is intended to be used to facilitate, the commission of such offense.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United State Code, Sections 982(a)(6)(A)(ii) and 982(b)(l); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2017R01180
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

AGNETA WELBER,

Defendant.

# INDICTMENT

(T. 7, U.S.C., §§ 2024(b) and 2024(f); T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(6)(A)(ii), 982(a)(7), 982(b)(1), 1347(a), 1542 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c); T. 42, U.S.C., § 408(a)(4))

*A true bill.*

_____ *Stella Alcide* _____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

_____

*Lauren A. Bowman, Assistant U.S. Attorney (718) 254-6047*